**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**WILLIAM KASKA**, personal representative for the Estate of PATRICIAL CARLAND, deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Patricial Carland, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **RASHAD CROSBY**, personal representative for the Estate of JACQUELINE ROBINSON, deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Jacqueline Robinson, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **STACEY WINDHAM**, personal representative for the Estate of PATRICIA WINDHAM, deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Patricia Windham, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **SAMANTHA BROWN**, personal representative for the Estate of CRAIG BROWN, deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Craig Brown, all or any of whom

**Case No. 25-10248**

**Hon. Terrence G. Berg**

**Magistrate Judge
Anthony P. Patti**

**FIRST AMENDED
COMPLAINT**

**JURY DEMANDED**

may have or had an interest in the foreclosed property or the subject matter of this action; **LOUIS RODRIGUEZ**, personal representative for the Estate of ALISTAR SCHEER, deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Alistar Scheer, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **MICHELLE MOLOIAN**, personal representative for the Estate of ARAMIS MOLOIAN, deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Aramis Moloian, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **TROWN WILLIAMS**, personal representative for the Estate of DARLENE WILLIAMS, deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Darlene Williams, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **FRITZ SIBERT**, personal representative for the Estate of FRED SIBERT, deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Fred Sibert, all or any of whom may have or had an interest in the foreclosed

property or the subject matter of this action; **FRITZ SIBERT**, personal representative for the Estate of MARGARET SIBERT, deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Margaret Sibert, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action; **JEFFREY BORIN TRUSTEE OF THE RALPH BORIN TRUST DATED MAY 16, 1980**; **EILEEN AJIRI, POA dated May 23, 2019 for SAMUEL AJIRI; DARREN ROBERT STERN; RENEE SIMPSON CRIBB; STEVE SOHL; DENNIS GROH; SHARON SMITH; HERBERT B. GIBBS; GIBBS PROPERTIES, LLC, TIMOTHY SUTHERLAND; CARL NIHRANZ; KOFI JOHNSON; ALESIA STRAUGHTER; DAVID TOWNSEND; STEPHANIE SHANAHAN; KRISTINA SMITH AVANT MAYS; LARRY JONES; CRYSTAL MCCANN (WILLIAMS); GERALD REEVES; BRYAN DANIEL; EMANUEL BENNEDICT-SMITH; MARTIN & MARIA GONZALEZ; ROBERT WALKER; CHERIE PETERSON; GREG TYLL; RICHARD HUTCHINSON; CAROLYN NICHOLSON; JAMIL A JAMALEDDINE; DAVID ROLAND; ALVIN SABRI; NICHELLE KIRKSEY; CHARMAINE STEWART; DOROTHY RUSAW; ADAM RATCLIF; BRENT ATKINS; CRYSTAL SMITH; ROBERT & NATASHA TUPPER; KEYON DICKERSON; CHARLES PERRYMAN,**

**VERNON CHASE, NAVARRO HODGE, KIMBERLY HODGE, BERNICE CLARK, BUBBACARR JATTA, CHERYL WILLIAMS-KEARNEY, KELLY BURT, TODD PARSONS,** and **CORA MCBRIDE**,

Plaintiffs,

v.

**County of Oakland**

Defendant.

_____/

There is no other pending or resolved civil action arising out of the transactions or occurrences alleged in the complaint.

_____/

## <u>PLAINTIFFS' FIRST AMENDED COMPLAINT</u>

Plaintiff William Kaska as Personal Representative for the Estate of Patricia Carland, Rashad Crosby as Personal Representative for the Estate of Jacqueline Robinson, Stacey Windham as Personal Representative for the Estate of Patricia Windham, Samantha Brown as Personal Representative for the Estate of Craig Brown, Louis Rodriguez-Scheer as Personal Representative for the Estate of the Alistar Scheer, Michelle Moloian as Personal Representative for the Estate of Aramis Moloian, Trown Williams as Personal Representative for the Estate of Darlene Williams, Fritz Sibert as Personal Representative for the Estate of the Fred Sibert, Fritz Sibert as Personal Representative for the Estate of the Margaret Sibert, Jeffrey Borin as Trustee of the Ralph Borin Trust Dated May 16, 1980, Eileen Ajiri

-4-

(POA) for Samuel Ajiri, Darren Robert Stern, Renee Simpson Cribb, Steve Sohl, Dennis Groh, Sharon Smith, Herbert B. Gibbs, Gibbs Properties, LLC, Timothy Sutherland, Carl Nihranz, Kofi Johnson, Alesia Straughter, David Townsend, Stephanie Shanahan, Kristina Smith Avant Mays, Larry Jones, Crystal McCann (Williams), Gerald Reeves, Bryan Daniel, Emanuel Bennedict-Smith, Martin & Maria Gonzalez, Robert Walker, Cherie Peterson, Greg Tyll, Richard Hutchinson, Carolyn Nicholson, Jamil A Jamaleddine, David Roland, Alvin Sabri, Nichelle Kirksey, Charmaine Stewart, Dorothy Rusaw, Adam Ratcliff, Brent Atkins, Crystal Smith, Robert & Natasha Tupper, Keyon Dickerson, Charles Perryman, Vernon Chase, Navarro & Kimberly Hodge, Bernice Clark, Bubbacarr Jatta, Cheryl Williams-Kearney, Kelly Burt, Todd Parsons, and Cora McBride, by and through counsel, Smith Law Group PLLC / Scott F. Smith and for their Complaint, states as follows:

## INTRODUCTION

1.     This is a case of governmental abuse that cries out for a remedy, especially in light of *Tyler v. Hennepin Cnty., Minnesota,* 143 S Ct 1369 (2023).

2.     Defendant's conduct caused the deprivation of Plaintiffs' valuable property rights consisting of equity in real property without just compensation.

3.     This abuse stems from the Defendant's property tax foreclosure process. Michigan law generally authorizes counties to foreclose private property

whose owners have failed to pay all property taxes. Those properties may be sold at auction, and the proceeds are used to make municipalities whole for unpaid taxes, as well as reasonable fees and expenses. The current and prior versions of the GPTA provide for a right of refusal (ROR) by governmental entities. MCL 211.78 m(1).

4.     The instant case seeks to enforce fundamental rights under the Michigan Constitution Article X §2, the Fifth Amendment of the United States Constitution and the deprivation of the Plaintiffs' surplus equity in their properties and their right to due process under the 14th Amendment of the United States Constitution.

5.     The properties owned by Plaintiffs, which were their respective residences, had significant equity (*i.e.*, they were worth much more than the amount owed for unpaid taxes, including reasonable fees and expenses) at the time of foreclosure. This excess value (the "Equity") was not refunded to Plaintiffs after foreclosure. Plaintiffs were permanently deprived of this equity without just compensation.

6.     Plaintiffs consist of former residential property owners in Oakland County who had their residences foreclosed, but the County did not auction their properties. Instead, the County either transferred the properties to another government agency or retained the properties.

7.     Plaintiff all fell behind in paying their property taxes. Their properties were all forfeited and then foreclosed upon, sometimes without a constitutionally sufficient remedy or "procedural due process."

8.     "The act of taking is the event which gives rise to the claim for compensation." *Knick v Township of Scott* 139 S Ct 2162 (2019).

9.     The "taking" occurred when the title absolutely vested in the County, which is the last day of the redemption period.

10.     The surplus equity – computed by the actual fair market value at the time of the taking less the amount of any unpaid taxes, interest, and reasonable fees – must be returned to the taxpayer. *Tyler v Hennepin Cty*, 143 S Ct 1369 (2023).

11.     As it concerns the "Takings Clause" of the U.S. Constitution and the Michigan Constitution, Oakland County is solely responsible for the taking of the Plaintiffs' property. *Hall v Meisner* 51 F4th 185 (CA 6, 2022).

12.     Landowners may seek the difference between the fair market value of their homes and the taxes, interest, and fees that are delinquent, whether or not the treasurer obtained surplus proceeds at a foreclosure sale. *Hall v Meisner* 51 F4th 185(CA 6, 2022).

13.     Centuries old principles require that landowners have a property interest in their "equitable title." *Fox v Saginaw County* 67 F4th 284, 290 (2023).

14.    In *Rafaeli, LLC v Oakland County,* 505 Mich 429; 952 NW2d 434 (2020), the Michigan Supreme Court held that a treasurer's failure to return the surplus to the landowner was a "takings clause" violation of the Michigan State Constitution. (In Accord, *Jackson v Southfield Neighborhood Revitalization Initiative*, unpublished Opinion per curiam of the Michigan Court of Appeals, decided September 21, 2023 (Docket No. 361397) (2023 WL 6164992 (2023)).

15.    *Tyler v Hennepin Cnty, supra.* and *Hall v Meisner, supra,* read together stand for the principle that the takings clause of the United States Constitution protects equitable interests in real property when obtained in property tax foreclosures.

16.    On December 22, 2020, Michigan signed amendments into law regarding its tax foreclosure scheme ("GPTA") that established different procedures depending on whether the treasurer transferred or sold property before or after the *Rafaeli* decision of July17, 2020. *See,* MCL 211.78t(b).

17.    The amended act was in response to *Rafaeli* finding section MCL 211.78 of the GPTA unconstitutional, because it did not provide landowners with "just compensation" for their property interest in excess of the amount of the foreclosure. *See Hall,* 51 F4th at 192.

18.    Defendant's actions constitute the improper and unconstitutional taking of the Plaintiffs' property without "just compensation."

19. To the extent Defendant's actions were permitted under the previous or current version of MCL 211.78m and/or 211.78(t) [except for section(1)(b)(i)], those provisions are unconstitutional as applied to non-auctioned properties (Right of First Refusal cases, sometimes referred to as "ROFR" cases) and still do not provide any constitutionally sufficient remedy.

20. Defendant's actions constitute a violation of the Fifth and Fourteenth Amendments of the United States Constitution pursuant to 42 USC §§ 1983 and 1988.

21. Plaintiffs also seek a declaratory judgment against Defendant for their unlawful actions and a declaration that MCL 211.78t (except for (b)(1)) is unconstitutional as applied to ROFR cases.

22. As set forth below, Defendant's actions constitute a violation of the Fifth and Fourteenth Amendments of the United States Constitution pursuant to 42 USC §§ 1983 and 1988; a violation of Article X, Section 2 of the Michigan Constitution, and an impermissible inverse condemnation under Michigan law. Plaintiffs also seek a declaratory judgment.

## PARTIES

23. Defendant Oakland County ("Oakland") is a legal entity formed and existing under the laws of the State of Michigan and is controlled and/or operated by duly designated Boards of Commissioners. It is a political subdivision of the State

of Michigan which is delegated the responsibility to collect delinquent property taxes. Unless otherwise stated, Oakland acted through the Oakland County Treasurer. Oakland is the Foreclosing Governmental Entity (FGU) pursuant to the General Property Tax Act.

24.    Plaintiff William Kaska is Personal Representative for the Estate of Patricia Carland deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Patricia Carland, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action. The Estate owned property in Oakland County which suffered a tax foreclosure and equity taking.

25.    Plaintiff Rashad Crosby is Personal Representative for the Estate of Jacqueline Robinson, deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Jacqueline Robinson, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action. The Estate owned property in Oakland County which suffered a tax foreclosure and equity taking.

26.    Plaintiff Stacey Windham is Personal Representative for the Estate of Patricia Windham deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and

assignees of Patricia Windham, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action. The Estate owned property in Oakland County which suffered a tax foreclosure and equity taking.

27.    Plaintiff Samantha Brown is Personal Representative for the Estate of Craig Brown deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Craig Brown, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action. The Estate owned property in Oakland County which suffered a tax foreclosure and equity taking.

28.    Plaintiff Louis Rodriguez-Scheer is Personal Representative for the Estate of the Alistar Scheer deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Alistar Scheer, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action. The Estate owned 4 properties in Oakland County, all which suffered a tax foreclosure and equity taking.

29.    Plaintiff Michelle Moloian is Personal Representative for the Estate of Aramis Moloian deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Aramis Moloian, all or any of whom may have or had an interest in the

foreclosed property or the subject matter of this action. The Estate owned property in Oakland County which suffered a tax foreclosure and equity taking.

30. Plaintiff Trown Williams is Personal Representative for the Estate of Darlene Williams deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Darlene Williams, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action. The Estate owned property in Oakland County which suffered a tax foreclosure and equity taking.

31. Plaintiff Fritz Sibert is Personal Representative for the Estate of the Fred Sibert deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Fred Sibert, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action. The Estate owned property in Oakland County which suffered a tax foreclosure and equity taking.

32. Plaintiff Fritz Sibert is Personal Representative for the Estate of the Margaret Sibert deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Margaret Sibert, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action. The Estate owned property in Oakland County which suffered a tax foreclosure and equity taking.

33.     Plaintiff Jeffrey Borin is Trustee of the Ralph Borin Trust Dated May 16, 1980. The Trust owned 2 properties in Oakland County, all of which suffered a tax foreclosure and equity taking.

34.     Plaintiff Eileen Ajiri is designated Power of Attorney for Samuel Ajiri Dated August 23, 2019. Samuel Ajiri owned property in Oakland County which suffered a tax foreclosure and equity taking.

35.     Plaintiff Darren Robert Stern owned property in Oakland County which suffered a tax foreclosure and taking.

36.     Plaintiff Renee Simpson Cribb owned property in Oakland County which suffered a tax foreclosure and taking.

37.     Plaintiff Steve Sohl owned property in Oakland County which suffered a tax foreclosure and taking

38.     Plaintiff Dennis Groh owned property in Oakland County which suffered a tax foreclosure and taking.

39.     Plaintiff Sharon Smith owned property in Oakland County which suffered a tax foreclosure and taking.

40.     Plaintiff Herbert B. Gibbs owned property in Oakland County which suffered a tax foreclosure and taking.

41.     Plaintiff Gibbs Properties, LLC, owned property in Oakland County which suffered a tax foreclosure and taking.

42.     Plaintiff Timothy Sutherland owned property in Oakland County which suffered a tax foreclosure and taking.

43.     Plaintiff Carl Nihranz owned property in Oakland County which suffered a tax foreclosure and taking.

44.     Plaintiff Kofi Johnson owned property in Oakland County which suffered a tax foreclosure and taking.

45.     Plaintiff Alesia Straughter owned property in Oakland County which suffered a tax foreclosure and taking.

46.     Plaintiff David Townsend owned property in Oakland County which suffered a tax foreclosure and taking.

47.     Plaintiff Stephanie Shanahan owned property in Oakland County which suffered a tax foreclosure and taking.

48.     Plaintiff Kristina Smith Avant Mays owned property in Oakland County which suffered a tax foreclosure and taking.

49.     Plaintiff Larry Jones owned property in Oakland County which suffered a tax foreclosure and taking.

50.     Plaintiff Crystal McCann (Williams) owned property in Oakland County which suffered a tax foreclosure and taking.

51.     Plaintiff Gerald Reeves owned property in Oakland County which suffered a tax foreclosure and taking.

52.     Plaintiff Bryan Daniel owned property in Oakland County which suffered a tax foreclosure and taking.

53.     Plaintiff Emanuel Bennedict-Smith owned property in Oakland County which suffered a tax foreclosure and taking.

54.     Plaintiff Martin & Maria Gonzalez owned property in Oakland County which suffered a tax foreclosure and taking.

55.     Plaintiff Robert Walker owned property in Oakland County which suffered a tax foreclosure and taking.

56.     Plaintiff Cherie Peterson owned property in Oakland County which suffered a tax foreclosure and taking.

57.     Plaintiff Greg Tyll owned property in Oakland County which suffered a tax foreclosure and taking.

58.     Plaintiff Richard Hutchinson owned property in Oakland County which suffered a tax foreclosure and taking.

59.     Plaintiff Richard Hutchinson owned property in Oakland County which suffered a tax foreclosure and taking.

60.     Plaintiff Carolyn Nicholson owned property in Oakland County which suffered a tax foreclosure and taking.

61.     Plaintiff Jamil A. Jamaleddine owned property in Oakland County which suffered a tax foreclosure and taking.

62.     Plaintiff David Roland owned property in Oakland County which suffered a tax foreclosure and taking.

63.     Plaintiff Alvin Sabri owned property in Oakland County which suffered a tax foreclosure and taking.

64.     Plaintiff Nichelle Kirksey owned property in Oakland County which suffered a tax foreclosure and taking.

65.     Plaintiff Charmaine Stewart owned property in Oakland County which suffered a tax foreclosure and taking.

66.     Plaintiff Dorothy Rusaw owned property in Oakland County which suffered a tax foreclosure and taking.

67.     Plaintiff Adam Ratclif owned property in Oakland County which suffered a tax foreclosure and taking.

68.     Plaintiff Brent Atkins owned property in Oakland County which suffered a tax foreclosure and taking.

69.     Plaintiff Crystal Smith owned property in Oakland County which suffered a tax foreclosure and taking.

70.     Plaintiff Robert Tupper owned property in Oakland County which suffered a tax foreclosure and taking.

71.     Plaintiff Natasha Tupper owned property in Oakland County which suffered a tax foreclosure and taking.

72.     Plaintiff Keyon Dickerson owned property in Oakland County which suffered a tax foreclosure and taking.

73.     Plaintiff Charles Perryman owned property in Oakland County which suffered a tax foreclosure and taking.

74.     Plaintiff Vernon Chase owned property in Oakland County which suffered a tax foreclosure and taking.

75.     Plaintiff Navarro Hodge owned property in Oakland County which suffered a tax foreclosure and taking.

76.     Plaintiff Kimberly Hodge owned property in Oakland County which suffered a tax foreclosure and taking.

77.     Plaintiff Bernice Clark owned property in Oakland County which suffered a tax foreclosure and taking.

78.     Plaintiff Bubbacarr Jatta owned property in Oakland County which suffered a tax foreclosure and taking.

79.     Plaintiff Cheryl Williams-Kearney owned property in Oakland County which suffered a tax foreclosure and taking.

80.     Plaintiff Kelly Burt owned property in Oakland County which suffered a tax foreclosure and taking.

81.     Plaintiff Todd Parsons owned property in Oakland County which suffered a tax foreclosure and taking.

82.     Plaintiff Cora McBride owned property in Oakland County which suffered a tax foreclosure and taking.

83.     All the Parties and their respective properties, which were their respective residences, are listed in **Exhibit A** attached hereto.

## JURISDICTION AND VENUE

84.     The amount in controversy exceeds twenty-five thousand dollars ($25,000.00), exclusive of interest and costs on each parcel and for each Plaintiff.

85.     Circuit courts in the State of Michigan are courts of general jurisdiction, and none of the claims herein have been preempted by the United States Constitution or an Act of Congress.  Thus, the Oakland County Circuit Court has jurisdiction to preside over these claims and the parties involved.

86.     Venue is proper in this Court as Defendants, individually and collectively, conduct or have conducted their business in Oakland County, Michigan.

## GENERAL ALLEGATIONS

### FORFEITURE AND FORECLOSURE UNDER THE GENERAL PROPERTY TAX ACT

87.     This case stems from the administration of Michigan's General Property Tax Act ("GPTA"), MCL §§ 211.1-211.157, which is the statutory process enacted for the collection of unpaid and delinquent real property taxes through real property forfeiture and foreclosure.

88. The matters at the heart of this litigation concern matters of the taxation and foreclosure process and the equity that remains after counties such as Oakland are paid in full for all delinquent taxes, interest, penalties, and fees.

89. As used in this Complaint:

    a. "Tax Delinquency" means the past due tax owed on a property plus additional interest, fees, reasonable penalties, and costs; and

    b. "Surplus Equity" means the amount by which a property's fair market value exceeds

    c. any remaining Tax Delinquency, if any at the time of the transfer or retention of a government entity.

90. The GPTA permits the recovery of unpaid real-property taxes, penalties, interest, and fees through foreclosure and sale of the property on which there is a tax delinquency.

91. Pursuant to the GPTA, a county treasurer may choose to act as the collection agent for the municipality where the property is located when taxpayers become delinquent on their property taxes or, at the election of the county, the State itself may act as the collection agent. MCL § 211.78(8).

92. Oakland opted to act as the collection agent for Oakland, also known as the Foreclosing Governmental Unit ("FGU"), pursuant to MCL § 211.78(8).

93. The GPTA requires a county to take certain enumerated steps to collect delinquent property taxes and initiate foreclosure proceedings. After notice and hearing, tax-delinquent properties can, if the proper procedure is followed, be

foreclosed by a Circuit Court Judge. The tax-delinquent properties are then foreclosed after a judicial foreclosure hearing by a circuit court, and the foreclosed property is transferred to the county treasurer. If the property is not timely redeemed after the foreclosure, fee-simple title is vested absolutely in the county treasurer, without any further redemption rights available to the delinquent taxpayer. MCL 211.78, *et seq*.

94.     Prior to December 23, 2020, once title vested in the county treasurer, the property was disposed of as follows:

> (1) The state or municipality where the property is located has the right to claim the property in exchange for the payment to the county of unpaid taxes, interest, and other costs (the "Minimum Bid"); or

> (2) If the state or municipality does not exercise their right of first refusal, the property is put up for sale at a public auction the July after foreclosure and, if not sold, again in October.

MCL 211.78m.

95.     Oakland, through its Treasurer, administered a foreclosure process, such that in most cases, after foreclosed real property was sold, the Treasurer retained the entire amount of the proceeds, including the Equity. At no point did Oakland, or anybody with the power to do so, return the Equity or otherwise provide just compensation to the former property owners whose Equity was taken.

96.     After December 22, 2020, if a property was foreclosed after July 17, 2020 and once title was vested in the county treasurer, the property was then disposed of as follows:

(1) The state or municipality where the property is located has the right to claim the property in exchange for the payment of the fair market value if a notice of intention was filed or the "minimum bid" if the notice was not filed.; or

(2) If the state or municipality does not exercise their right of first refusal, the property is put up for sale at a public auction the July after foreclosure and, if not sold, again in October. MCL § 211.78m.

(3) If by the first of July following the foreclosure sale a prior landowner files a notice of intention to claim requesting the "remaining proceeds" and the property is not purchased for fair market value less the minimum bid if the landowner files the procedure which includes filing a motion in Circuit Court, the foreclosed landowner may receive the "remaining proceeds."

87. Landowners who lost their property prior to July 18, 2020, were to receive no compensation whatsoever unless the Michigan Supreme Court ordered that *Rafaeli, supra,* applies retroactively, or if the parties filed a case prior to that date that had not been finally adjudicated. In *Schafer v Kent Cnty*, unpublished Opinion of the Michigan Supreme Court, decided July 29, 2024 (Docket Nos. 164975/165219) (Mich 2024), the Michigan Supreme Court found that *Rafaeli* applied retroactively, and the statute of limitation was tolled.

88. The Michigan Supreme Court has not yet ruled upon whether MCL 211.78t is applicable to ROFR cases.

### THE CONDUCT AT ISSUE HEREIN REFLECTS COUNTY POLICY

97. The actions described herein are a voluntary policy, custom, and/or practice of Oakland, and/or their final policymaker(s).

-21-

98.     This voluntary policy and/or practice of Oakland is sufficient to impose damages and other relief pursuant to *Monell v New York City Department of Social Services*, 436 US 658 (1978), and its progeny.

99.     Specifically, Oakland made the affirmative, voluntary, and discretionary decision to select and designate the county treasurer to function as the FGU. *See* MCL 211.78(3)-(6).

100.    Moreover, Oakland, either through enactment of laws or regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority, has administered Oakland's foreclosure and auction process generally, including MCL 211.78m(8), so that after Oakland sells a parcel at auction, it retains  either the entire amount of the proceeds or significantly less than required under the Fifth Amendment of the Constitution of United States and the Michigan Constitution Article 10 Section 2, even if the proceeds exceed the amount of the Tax Delinquency, and rarely returns anything to the property owner. The statutory procedure by which the property owner may secure a return of Equity (both under the amended statute and pre -*Rafaeli*) is constitutionally defective and must be struck down.

101.    Further, Oakland, either through enactment of laws and regulations, official agency or governmental entity policy, and/or actions taken by an official or officials  with  final  decision-making  authority,  has  administered  Oakland's

foreclosure process generally, including MCL 211.78m(8), so that Oakland is able to obtain the Equity that should belong to the property owner, without providing any procedural due process enabling the property owner to secure a return of their Equity.

102.   Accordingly, the actions at issue here were undertaken pursuant to an official county policy for purposes of *Monell*.

103.   The GPTA, and specifically MCL 211.78m(8), did not require the practices of which the Plaintiffs complain. Rather, the GPTA can be fairly read to provide for Equity to be returned to the previous owner of a foreclosed property before the resulting funds are allocated.

104.   In the alternative, the GPTA, in particular MCL 211.78m(8) and 211.78t, are inherently unconstitutional or MCL 211.78(t) (except for (b)(1)) is not applicable to surplus equity cases: if the Act requires Oakland's conduct as set forth herein, then, the Act violates the United States and Michigan Constitutions for all the reasons that Defendant's conduct violates them.

105.   Oakland's actions were designed to cause harm intentionally or wantonly to Plaintiffs and the putative class members due to the utter disregard of Plaintiffs' constitutionally protected rights.

106.   On December 23, 2020, Michigan enacted an amendatory act which was meant to be curative of the unconstitutional former sections of the GPTA,

specifically, MCL 211.78m and MCL 211.78(t)(2), which purported to grant Plaintiffs "just compensation" equivalent to fair market value. However, despite all the new developments in decisional law and the so-called curative amendments to GPTA, Plaintiffs presently have no constitutionally adequate remedy or procedure to receive "just compensation" under Michigan Law. Therefore, the Plaintiffs look to this Court to provide a remedy under the U.S. Constitution, federal law, Michigan Constitution, Condemnation law and other applicable law to provide such "just compensation".

107. Defendant has taken Plaintiffs property without using any *direct* condemnation processes, including those outlined under the Uniform Condemnation Procedures Act, MCL 213.51, *et seq.*

108. Under the Takings Clause, under both the 5th Amendment and Article 10 §2 of the Michigan Constitution, Oakland has committed a compensable taking.

### SPECIFIC ALLEGATIONS RELATING TO THE PARCELS

109. Plaintiffs owned and resided in certain property ("Property") in Oakland County, Michigan.

110. Plaintiffs seek to recover their Equity in their respective Property after Defendant's foreclosure and transfer of the Property to pay delinquent real estate taxes owed by the Plaintiffs by virtue of their ownership of the Property.

111.   After Plaintiffs fell behind on their property taxes, Oakland, through its Treasurer, initiated forfeiture, and held foreclosure proceedings from February 8, 2015, through the fall of 2020 against the Property formerly owned by Plaintiffs.

112.   As a result of the GPTA procedure, the Judgments of Foreclosure were recorded at various times against Plaintiffs. After expiration of the redemption period, title vested solely and absolutely in Oakland and its treasurer.

113.   Plaintiff William Kaska Personal Representative for the Estate of Patricia Carland owed approximately $12,538 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-11-103-012, commonly known as 1771 Chaucer Ave, Madison Heights, MI 48071-2048.

114.   Plaintiff Rashad Crosby Personal Representative for the Estate of Jacqueline Robinson owed approximately $9,204 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-31-230-006, commonly known as 21920 Kipling Ave, Oak Park, MI 48237.

115.   Plaintiff Stacey Windham Personal Representative for the Estate of Patricia Windham owed approximately $4,975 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-31-201-017, commonly known as 22181 Kenosha St, Oak Park, MI 48237.

116.   Plaintiff Samantha Brown Personal Representative for the Estate of Craig Brown owed approximately $1,645 in delinquent property taxes, interest,

penalties and fees on Parcel ID: 24-31-376-028, commonly known as Van Buren St, Southfield, MI 48033.

117. Plaintiff Louis Rodriguez-Scheer Personal Representative for the Estate of the Alistar Scheer owed approximately $8,175 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-34-403-021, commonly known as 20640 Westland Dr, Southfield, MI  48075.

118. Plaintiff Louis Rodriguez-Scheer Personal Representative for the Estate of the Alistar Scheer owed approximately $10,134 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-34-476-002, commonly known as 20431 Westland Dr, Southfield, MI 48075.

119. Plaintiff Louis Rodriguez-Scheer Personal Representative for the Estate of the Alistar Scheer owed approximately $8,426 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-34-476-008, commonly known as 20219 Westland Dr, Southfield, MI 48075.

120. Plaintiff Louis Rodriguez-Scheer Personal Representative for the Estate of the Alistar Scheer owed approximately $9,744 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-34-428-012, commonly known as 20436 Westland Dr, Southfield, MI 48075.

121. Plaintiff Michelle Moloian Personal Representative for the Estate of Aramis Moloian owed approximately $7,086 in delinquent property taxes, interest,

penalties and fees on Parcel ID: 24-27-176-017, commonly known as 24273 Lois Ln, Southfield, MI 48075.

122. Plaintiff Trown Williams Personal Representative for the Estate of Darlene Williams owed approximately $12,702 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-13-179-018, commonly known as 28091 Glasgow St, Southfield, MI 48076.

123. Plaintiff Fritz Sibert Personal Representative for the Estate of Fred Sibert owed approximately $11,356 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-31-252-005, commonly known as 21870 Maplewood Dr, Southfield, MI 48033.

124. Plaintiff Fritz Sibert Personal Representative for the Estate of Margaret Sibert owed approximately $11,356 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-31-252-005, commonly known as 21870 Maplewood Dr, Southfield, MI 48033.

125. Plaintiff Jeffrey Borin as Trustee of the Ralph Borin Trust dated May 16, 1980, owed approximately $34,345 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-32-151-034, commonly known as 13200 Capital Ave, Oak Park, MI 48237.

126. Plaintiff Jeffrey Borin as Trustee of the Ralph Borin Trust dated May 16, 1980, owed approximately $35,505 in delinquent property taxes, interest,

penalties and fees on Parcel ID: 25-32-151-033, commonly known as 13240 Capital Ave, Oak Park, MI 48237.

127. Plaintiff Eileen Ajiri (POA) for Samuel Ajiri owed approximately $3,707 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-30-351-023, commonly known as Staunton St, Southfield, MI 48033.

128. Plaintiff Darren Robert Stern owed approximately $10,704 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-33-482-018, commonly known as 218 Stratford Rd, Ferndale, MI 48220-233.

129. Plaintiff Renee Simpson Cribb owed approximately $3,886 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-25-306-019, commonly known as 23449 Carlisle Ave, Hazel Park 48030-1466.

130. Plaintiff Steve Sohl owed approximately $6,917 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-36-154-020, commonly known as 545 E Harry Ave, Hazle Park 48030-2011.

131. Plaintiff Dennis Groh owed approximately $6,061 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-36-378-017, commonly known as 751 E George Ave, Hazel Park, MI  48030-2513.

132. Plaintiff Sharon Smith owed approximately $4,976 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-25-476-009, commonly known as 23098 Crossley Ave, Hazel Park, MI 48030.

133.   Plaintiffs Herbert B. Gibbs and Gibbs Properties, LLC, owed approximately $20,796 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-35-460-005, commonly known as 486 W 8 Mile Rd, Hazel Park, MI 48030-2435.

134.   Plaintiff Timothy Sutherland owed approximately $4,480 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-36-403-034, commonly known as 1140 E Evelyn Ave, Hazel Park, MI  48030.

135.   Plaintiff Carl Nihranz owed approximately $4,394 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-35-283-006, commonly known as 121 W Meyers Ave, Hazel Park, MI 48030.

136.   Plaintiff Kofi Johnson owed approximately $6,676 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-31-103-018, commonly known as 22030 Avon Ave, Oak Park, MI 48237.

137.   Plaintiff Alesia Straughter owed approximately $5,425 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-31-278-027, commonly known as 21661 Ridgedale Ave, Oak Park, MI 48237.

138.   Plaintiff David Townsend owed approximately $5,916 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-31-483-007, commonly known as 20730 Ridgedale Ave, Oak Park 48237.

139.   Plaintiff Stephanie Shanahan owed approximately $5,469 in delinquent

property taxes, interest, penalties and fees on Parcel ID: 25-33-103-009, commonly known as 8771 Troy Ave, Oak Park, MI 48237.

140.   Plaintiff Kristina Smith Avant Mays owed approximately $8,099 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-19-477-015, commonly known as 13672 Victoria Ave, Oak Park, MI 48237.

141.   Plaintiff Larry Jones owed approximately $5,974 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-29-102-057, commonly known as 13340 Dartmouth Ave, Oak Park, MI 48237.

142.   Plaintiff Crystal McCann (Williams) owed approximately $5,324 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-29-453-009, commonly known as 23120 Rensselaer Blvd, Oak Park 48237.

143.   Plaintiff Gerald Reeves owed approximately $3,220 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-32-131-026, commonly known as 21921 Sloman Ave, Oak Park, MI 48237.

144.   Plaintiff Bryan Daniel owed approximately $7,536 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-31-277-008, commonly known as 13831 Pearson Ave, Oak Park, MI 48237.

145.   Plaintiff Emanuel Bennedict-Smith owed approximately $742 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-29-478-029, commonly known as 23091 Ithaca Ave, Oak Park, MI 48237.

146.   Plaintiff Martin and Maria Gonzalez owed approximately $2,275 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-33-106-024, commonly known as 8711 Albany Ave, Oak Park, MI 48237.

147.   Plaintiff Robert Walker owed approximately $2,329 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-31-228-012, commonly known as 22036 Ridgedale Ave, Oak Park, MI 48237.

148.   Plaintiff Cherie Peterson owed approximately $4,517 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-29-377-043, commonly known as 23030 Webster Ave, Oak Park, MI 48237.

149.   Plaintiff Greg Tyll owed approximately $2,333 in delinquent property taxes, interest, penalties and fees on Parcel ID: 25-31-177-002, commonly known as 14531 Pearson Ave, Oak Park, 48237.

150.   Plaintiff Richard Hutchinson owed approximately $7,174 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-13-380-042, commonly known as 27129 Shagbark Dr, Southfield, MI 48076.

151.   Plaintiff Richard Hutchinson owed approximately $5,544 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-13-133-022, commonly known as 28451 Glasgow St, Southfield, MI 48076.

152.   Plaintiff Carolyn Nicholson owed approximately $13,361 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-15-180-009, commonly

known as 20945 Virginia St, Southfield, MI 48076.

153.   Plaintiff Jamil A Jamaleddine owed approximately $6,545 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-34-452-011, commonly known as 20820 Westhampton Ave, Southfield, MI 48075.

154.   Plaintiff David Roland owed approximately $14,833 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-35-255-002, commonly known as 21557 Stahelin Rd, Southfield, MI 48075.

155.   Plaintiff Alvin Sabri owed approximately $790 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-34-454-017, commonly known as Westhaven Ave, Southfield, MI 48075.

156.   Plaintiff Nichelle Kirksey owed approximately $10,886 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-29-378-011, commonly known as 23330 Edinburgh St, Southfield, MI 48033.

157.   Plaintiff Charmaine Stewart owed approximately $8,322 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-34-176-012, commonly known as 21315 Frazer Ave, Southfield, MI 48075.

158.   Plaintiff Dorothy Rusaw owed approximately $8,321 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-35-480-004, commonly known as 18425 Westhampton Blvd, Southfield, MI 48075.

159.   Plaintiff Adam Ratclif owed approximately $6,915 in delinquent

property taxes, interest, penalties and fees on Parcel ID: 24-13-126-008, commonly known as 17350 Roseland Blvd, Southfield, MI.

160. Plaintiff Brent Atkins owed approximately $8,267 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-34-177-035, commonly known as Midway Rd, Southfield, MI 48075.

161. Plaintiff Crystal Smith owed approximately $4,453 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-29-352-022, commonly known as 25430 W 9 Mile Rd, Southfield, MI 48033.

162. Plaintiff Crystal Smith owed approximately $2,379 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-29-352-030, commonly known as W 9 Mile Rd, Southfield, MI 48033.

163. Plaintiff Robert and Natasha Tupper owed approximately $24,978 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-26-251-004, commonly known as 24507 Lafayette Cir, Southfield, MI 48075.

164. Plaintiff Keyon Dickerson owed approximately $26,419 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-35-351-009, commonly known as 20966 Evergreen Rd, Southfield, MI 48075.

165. Charles Perryman owed approximately $17,752.00 in delinquent property taxes, interest, penalties and fees on Parcel ID: 24-33-402-009, commonly known as 22830 Cottage Dr. Southfield, MI, 48033.

166. Vernon Chase owed approximately $6,088 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 25-25-356-009, commonly known as 23098 Reynolds Ave., Hazel Park, MI, 48030.

167. Navarro Hodge and Kimberly Hodge owed approximately $13,988 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 24-26-451-012, commonly known as 23426 Lee Baker Dr., Southfield, MI 48075.

168. Bernice Clark owed approximately $1,226 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 24-35-351-004, commonly known as Evergreen, Southfield, MI 48075.

169. Bubbacarr Jatta owed approximately $26,011 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 24-34-177-014, commonly known as 28055 Red Leaf Lane, Southfield, MI 48076.

170. Cheryl Williams-Kearney owed approximately $18,383 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 24-34-453-001, commonly known as 20691 Westover Ave., Southfield, MI 48075.

171. Kelly Burt owed approximatley $13,081 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 25-31-428-006, commonly known as 21401 Kipling Ave., Oak Park, MI 48237.

172. Todd Parsons owed approximately $14,402 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 25-36-305-058, commonly known

as 417 E Maxlow Ave., Hazel Park, MI 48030.

173.   Cora McBride owed approximately $2,439.00 in delinquent property taxes, interest, penalties, and fees on Parcel ID: 24-34-451-017, commonly known as 20908 Westover Ave., Southfield, MI 48075.

174.   At the time the afore-described foreclosures were effective each parcel previously owned by Plaintiffs as their residences had a fair market value significantly in excess of the Minimum Bid or foreclosure amount. The Equity taken by Oakland was between 11 to 39 times in over the price paid by the City of Oak Park, Southfield, Ferndale, Hazel Park, Madison Heights, or other Oakland County communities (**Exhibit A**).

175.   **Exhibit A** contains a table listing by parcel the Plaintiff-owner, Parcel ID, property address, the Judgment of Foreclosure date, the Right of Refusal amount, and the fair market value, which table is incorporated by reference.

176.   Oakland was the FGU in each subject Property's tax foreclosure proceedings.

177.   Oakland conveyed each of the above-described parcels by Quit Claim Deed to Oak Park, Southfield, Ferndale, Hazel Park, Madison Heights, or other government entities in Oakland County for the Minimum Bid or less between March 15, 2015, and December 20, 2020.

178.   When the Judgment of Foreclosure was entered, there was no

constitutionally sufficient notice or procedure, pre- or post-deprivation, provided to the landowners or their legal successors, nor was there any remedy that existed.

179.   At the present time, there is still no constitutionally sufficient remedy or procedure that exists for landowners that have had their properties taken in violation of Article 10 § 2 of the Michigan Constitution or the Fifth Amendment of the United States Constitution.

180.   By virtue of entering Judgments of Foreclosure, Defendant seized ownership of the Property, transferring the Properties to Oakland for the delinquent taxes.

181.   Before that event, Plaintiffs held legal and equitable title in the Property; after that event, Plaintiff held no title to the Property at all. *Hall v Meisner*, 51 F4th 185, 196 (CA 6, 2022).

182.   Defendant wrongfully took Plaintiffs' Equity in the Properties when it transferred Plaintiffs' Property to the lesser governmental entities.

183.   Defendant has refused to return Plaintiffs' respective owed Equity to any of the Plaintiffs.

184.   The statute of limitations was tolled because of prior class actions filed concerning the unconstitutional property tax foreclosure including *Hathon v State of Michigan, Bowles v Sabree, Sinclair V Meisner,* (2:18-cv-14042-TGB-APP) (ED Mich) and covid tolling that relates to these Plaintiffs.

## GENERAL ALLEGATIONS

185.   Plaintiffs were owners of real property in Oakland County during the relevant statutorily-limited time period as extended because of tolling by applicable case law, all who were subject to the unconstitutional process which resulted in the taking and/or unconstitutional forfeiture of their Equity and/or surplus proceeds, but excluding those who have separately filed their own personal post-forfeiture legal actions in state or federal courts pertaining to auction cases and properties that were subject to demolition orders or transferred to land banks.

186.   Plaintiffs' respective Property was seized through a real property tax foreclosure, which property was worth more than the Tax Delinquency, and none of whom were refunded the Equity or surplus Equity if the property was not auctioned or was retained by the County or other governmental entity that could obtain title though MCL 211.78m as revised or a previous version and regardless if the taking or transfer occurred pre-*Rafaeli* or post- *Rafaeli* or before or after the December 22, 2020 statutory amendments.

187.   Plaintiffs' claims are common to, and typical of, each other, including:

a.      Whether Oakland has been voluntarily exercising discretion to administer MCL 211.78 in an unconstitutional or otherwise illegal manner, or whether Oakland has been acting to voluntarily enforce an unconstitutional statute which Oakland has willingly assumed to undertake via MCL 211.78;

b.     Whether each Plaintiffs' respective Property, prior to foreclosure, was worth more than the total Tax Delinquency owed to Oakland;

c.     Whether Plaintiffs' respective Property had Equity greater than the Tax Delinquency owed to Oakland;

d.     Whether Defendant deprived Plaintiffs of Equity without just compensation after foreclosing on their property;

e.     Whether Defendant kept the remaining Equity for its benefit or other governmental entities failed to inform of condemnation proceedings or caused the loss of Equity through their actions;

f.     Whether Defendant failed to pay just compensation or failed to have or undertake a process to return the Equity;

g.     Whether Plaintiffs are entitled to other Constitutional tort damages under current state and/or federal law precedent;

h.     Whether the requirement to file a Notice of Claim is applicable to Right of Refusal cases or is unreasonable and harsh due to the very short period to file such a claim producing a de facto extinguishment of the Plaintiffs' constitutional right of not being deprived of their equity without just compensation;

i.     Whether the use of tax assessments and other formulaic valuation data should be utilized to provide the protections and rights provided by the federal and state constitutions; and

j.     The amount of interest, costs and attorney fees to be paid by the Defendant.

188.   Plaintiffs raise the following clear questions of law:

a.     Whether MCL 211.78 prohibits Defendant from returning Equity to Plaintiffs;

b.     Whether MCL 211.78m contains such a prohibition, and if so, whether the statute is unconstitutional;

c.    Whether the decision in *Rafaeli* or *Jackson v Southfield Neighborhood Revitalization* (and *Schafer v Kent County*) applies retroactively in ROFR cases;

d.    Whether the revisions to MCL 211.78 apply to Defendant's actions as set forth herein;

e.    Whether MCL 211.78(t) (except for (b)(1)) is facially unconstitutional;

f.    Whether MCL 211.78(t)(except for (b)(1)) is unconstitutional as applied;

g.    Whether the GPTA is unconstitutional either facially or as applied to Plaintiffs;

h.    Whether Defendant has committed an unconstitutional taking by refusing to pay just compensation when seizing Equity beyond the Tax Delinquency, and have appropriated Property in the form of Equity without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and Article X, Section 2 of the Michigan Constitution;

i.    Whether Defendant committed an inverse condemnation by destroying Equity via the seizure process and/or transferring or selling the Property and retaining the Equity;

j.    Whether Plaintiffs had a protected property interest in their Property's Equity;

k.    Whether Defendant deprived Plaintiffs of any opportunity to seek the return of their Equity after foreclosure so as to deprive Plaintiffs of their procedural due process rights;

l.    Whether Defendant acted arbitrarily and capriciously, and /or with no consistent policy or in contravention of such policy and/or in a manner that shocks the conscience, in seizing Plaintiffs' Equity;

m.   Whether Defendant has been unjustly enriched by their retention of Plaintiffs' Equity.

n.      Whether Defendant would be unjustly enriched by deducting any delinquent taxes from Equity owed to Plaintiffs having already obtained the minimum bid.

189.   The violations of law and resulting harm alleged by Plaintiffs are typical of the legal violations and harm suffered by all Plaintiffs.

190.   Defendant has acted, failed to act, and/or is continuing to act on grounds against Plaintiffs in the same manner.

## COUNT I
## TAKING WITHOUT JUST COMPENSATION
## IN VIOLATION OF FIFTH AND FOURTEENTH AMENDMENTS
## AND /OR VIA 42 USC § 1983 AND § 1988

191.   Plaintiffs repeat, re-allege, and incorporate herein by reference all prior paragraphs.

192.   This claim for an improper taking without just compensation in violation of the Fifth and Fourteenth Amendments of the United State Constitution is being made against Oakland pursuant to 42 USC §§ 1983 and 1988.

193.   The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by Oakland.

194.   Oakland, in violation of 42 USC § 1983, has taken Plaintiffs' property interests in the form of Equity or surplus equity and have confiscated this property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

-40-

195. Oakland has refused to take any action for the payments of just compensation for its seizures of Equity from the Plaintiffs.

196. By its refusal to take any action for the payment of just compensation at the time of the taking, Oakland has deprived Plaintiffs of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution and such violation may be remedied pursuant to 42 USC §§ 1983 and 1988.

197. Oakland has not paid just compensation.

198. Oakland refuses to pay just compensation.

199. Oakland's actions were designed or have otherwise caused harm intentionally or wantonly to Plaintiff due to the utter disregard of Plaintiffs' constitutionally protected rights.

200. Plaintiffs have been injured and have suffered damages.

201. Damages encompass making the Plaintiffs whole which includes the fair market value less any delinquent taxes that are owed plus interest from the date of the taking, plus attorney fees and costs.

**COUNT II**
**INVERSE CONDEMNATION AND /OR TAKING IN**
**VIOLATION OF THE MICHIGAN CONSTITUTION, ARTICLE X,**
**SECTION 2**

202. Plaintiffs repeat, re-allege, and incorporate herein by reference all prior paragraphs.

203. Defendant has taken Plaintiffs' property interests in the form of Equity and /or Surplus Equity and has appropriated property for public use or unjust enrichment without the payment of just compensation.

204. Defendant has done so without using any statutory condemnation process, including those outlined under the Uniform Condemnation Procedures Act, MCL 213.51, et seq., and in violation of Article X, Section 2 of the Michigan Constitution.

205. Defendant's actions caused an unjust taking of Plaintiffs' entire Equity in their property.

206. As a direct and proximate result of Defendant's unconstitutional taking of Plaintiffs' properties, Plaintiffs have experienced substantial loss of value and ordinary use and enjoyment of their properties.

207. The injury to Plaintiffs' property is unique or special because this group of Plaintiffs had substantial Equity in their property.

208. Defendant has not and will not provide Plaintiffs with any opportunity to claim their Equity after the seizure and/or later disposition of their respective properties, nor did Defendant provide or have a constitutionally sufficient procedure to claim just compensation at the time the Defendant seized title to their property interests.

209. Defendant has not paid just compensation. Plaintiffs have not received just compensation.

210. Defendant did not have, allow, or give a reasonable opportunity to claim or be heard after the property tax foreclosure or later transfer if applicable.

211. Defendant does not nor did it have a constitutional procedure for Plaintiffs to receive the Equity or the embodiment of the equity *i.e.*, surplus equity from a fair, arms-length, non-collusive public action or Defendant's actions were designed to cause harm intentionally or wantonly to Plaintiffs due to its calculated disregard of Plaintiffs' constitutionally protected rights.

212. Plaintiffs whose Equity and /or Surplus was taken are entitled to compensation under Article X, Section 2 of the Michigan Constitution.

213. Plaintiffs have been injured and have suffered damages.

214. Article X, Section 2 provides for residential homeowner to receive 125% of the fair market value.

**COUNT III**
**VIOLATION OF PROCEDURAL DUE PROCESS**
**42 USC § 1983 AND § 1988**

215. Plaintiffs repeat, re-allege, and incorporate herein by reference all prior paragraphs.

216. The Fourteenth Amendment guarantees procedural due process to Plaintiffs.

217.   Plaintiffs have a constitutionally protected property interest in the Equity of their respective properties. Plaintiffs' Constitutional right of not having their property taken without just compensation is a self-executing right stemming from the Bill of Rights and the Michigan Constitution.

218.   Under the previous versions of the GPTA, the Plaintiffs did not have any available process, right, or procedure to obtain their Equity (or the embodiment of their equity by a fairly conducted public auction) in violation of their "procedural due process" rights.

219.   Plaintiffs have damages from violation of their due process rights that are separate and distinct from the damages from the takings violation, which include economic injuries, inadequate deprivation due process, and pain and suffering.

220.   Oakland did not have any consistent policy on when to obtain a Foreclosure Judgment.

221.   Oakland exceeded its authority by not following the GPTA, as enacted by the legislature.

222.   Oakland's ad hoc determination of "substantial hardship" in effect created a situation where there was no certitude as to when a parcel of property would be foreclosed, which amounts to a constitutional violation of procedural due process.

223. Oakland, in many instances, prematurely foreclosed, as the property was still in the forfeiture phase.

224. Oakland did not properly administer the GPTA to provide a transparent procedure for property owners to receive a fair opportunity and a meaningful hearing prior to depriving them of constitutionally protected right without "due process of law."

225. MCL 211.78t (except for (b)(1)) is unconstitutional based on the above recited principles.

226. Oakland has denied Plaintiffs these rights by failing to provide any constitutionally reasonable or adequate procedure at all for Plaintiffs to secure the return of their Equity after their properties' sale or transfer.

227. MCL 211.78t makes no provision for taxpayers who have infirmities (mentally, physically, or cognitively) or who are deceased by the heirs or beneficiaries.

228. As a direct and proximate result of Oakland's failure to provide adequate procedural due process, Plaintiffs have been injured and have suffered damages.

229. Former Oakland County Treasurer Andrew Meisner had email and telephonic contacts with Municipalities Southfield, Oak Park and others, which at

the least had the appearance of impropriety and at worst created collusion and violated the due process of Plaintiffs.

230. Plaintiff has no adequate remedy at law except as set forth in this Complaint.

## COUNT IV
## VIOLATION OF EIGHTH AMENDMENT
## 42 USC § 1983

231. Plaintiffs repeat, re-allege, and incorporate herein by reference all prior paragraphs.

232. The Eighth Amendment to the Constitution prohibits the government from imposing excessive funds and penalties as applied to forfeitures.

233. The 8th Amendment is applied to the states via the 14th Amendment of the United States Constitution.

234. In *Tyler v Hennepin*, *supra,* two Justices wrote Opinions that the 8th Amendment prevents the type of conduct that occurred in this case. The other Justices did not feel the Court needed to reach the issue in light of the reversal mandated by *Tyler*.

235. By retaining the Property or surplus (which is the embodiment of the Equity) the Plaintiffs' Eighth Amendment Rights have been violated.

236. Oakland's failure to return the Equity or Surplus Equity after tax foreclosure of the properties is excessive and punitive and violates the Eighth Amendment to the Constitution.

237. Plaintiffs have been injured and suffered damages.

238. Plaintiffs seek money damages pursuant to 42 USC §1983 and §1988.

## COUNT V
## DECLARATORY RELIEF

239. Plaintiffs repeat, re-allege, and incorporate herein by reference all prior paragraphs.

240. An actual controversy exists between Plaintiffs and Defendant regarding the administration of the GPTA tax foreclosure.

241. Plaintiffs are entitled to a declaration that the failure of the GPTA and Michigan law to provide delinquent taxpayers with a basis for and a method to recover the Equity in their homes after they are taken is a violation of their rights to just compensation and equal protection.

242. Plaintiffs are entitled to declaratory judgment that Oakland cannot exercise its right of refusal without paying fair-market value for the property and reimbursing the property owners for their equity above any Tax Delinquency owed.

243. Plaintiffs seek a declaratory judgment that MCL211.78t (except for (b)(1)) is unconstitutional as applied to properties that were foreclosed but not auctioned.

244.   Plaintiffs seek a declaratory judgment that it would be inequitable for Oakland to deduct the Minimum Bid from the fair market value because the County long ago been paid the Minimum Bid.

### RELIEF REQUESTED

Wherefore, Plaintiffs respectfully request that this Court:

a.   Enter an order declaring Defendant's conduct is unconstitutional under the United States and Michigan Constitutions;

b.   Enter an Order that and MCL 211.78t is not applicable to right of refusal cases or unconstitutional as applied except that the statute is applicable and constitutional to the extent that the state or a lesser state governmental entity must pay fair market value to exercise its right of first refusal.

c.   Enter an Order for an award of full compensatory damages for those injuries and damages sustained by Plaintiffs, including disgorgement of Equity for each respective Property;

d.   Enter an Order for additional damages and/or compensation to reach an amount equaling 125% of the Property's fair market value if this Court determines that private property consisting of an individual's Equity was taken for public use pursuant to Article X, Section 2 of the Michigan Constitution;

e.  Enter and Order for damages pursuant to 42 USC §§ 1983 and 1988;

f.  Enter an Order for an award of interest as provided for in *Knick v Twp. of Scott*;

g.  Enter an order for an award of reasonable attorneys' fees and litigation expenses pursuant to 42 USC § 1988, and any and all other applicable laws, rules, and statutes;

h.  Enter an award for exemplary and punitive damages;

i.   Enter an Order for all damages and compensation as is deemed proper under state and federal law including damages for all constitutional torts including violations of "procedural due process" and the Eighth Amendment.

j.  Enter an Order for declaratory judgment that Defendant's conduct is unlawful under the GPTA;

k.  Enter an Order for declaratory relief for all requested issues in Count V.

l.  Enter an Order inviting the Attorney General of Michigan to intervene, as the Plaintiff seeks to declare MCL §§ 211.78m and 211.78t unconstitutional, and if the Court deems it necessary, certify the question to the Michigan Supreme Court;

m.   Enter an Order for all other such legal and equitable relief that this

Court deems proper and just.

## **JURY DEMAND**

For all triable issues, a jury is hereby demanded.


Respectfully submitted,


*/s/ Scott F. Smith*
Scott F. Smith (P28472)
Smith Law Group, PLLC
30833 Northwestern Hwy, Suite 200
Farmington Hills, MI 48334
(248) 626-1962
Counsel for Plaintiffs

# EXHIBIT A

| Plantiff | CVT | Parcel ID | Address | Date of Judgement | Tax Due | FMV Value | City |
|---|---|---|---|---|---|---|---|
| Gibbs Properties LLC | 28 | 25-35-460-005 | 486 W 8 Mile Rd,  Hazel Park, MI 48030-2435 | 3/11/15 | $20,796 | $215,273.49 | Hazel Park |
| Herbert B Gibbs | 28 | 25-35-460-005 | 486 W 8 Mile Rd,  Hazel Park, MI 48030-2435 | 3/11/15 | $20,796 | $215,273.49 | Hazel Park |
| Vernon Chase | 28 | 25-25-356-009 | 23098 Reynolds Ave, Hazel Park, MI 48030-1441 | 3/11/15 | $6,088 | $120,000.00 | Hazel Park |
| Navarro & Kimberly Hodge | 76 | 24-26-451-012 | 23426 Lee Baker Dr. Southfield, MI 48075 | 3/31/18 | $13,988 | $100,000 | Southfield |
| Bernice Clark | 76 | 24-35-351-004 | Evergreen, Southfield, MI 48075 | 3/31/18 | $1,226 | $25,000 | Southfield |
| Bubbacarr Jatta | 76 | 24-34-177-014 | 28055 Red Leaf Ln, Southfield, MI 48076 | 3/31/17 | $26,011 | $100,000 | Southfield |
| Cheryl Williams-Kearney | 76 | 24-34-453-001 | 20691 Westover Ave Southfield, MI 48075 | 3/31/16 | $18,383 | $100,000 | Southfield |
| Darren Robert Stern | 24 | 25-33-482-018 | 218 Stratford Rd, Ferndale, MI 48220-233 | 3/31/18 | $10,704 | $196,772.44 | Ferndale |
| Renee Simpson Cribb | 28 | 25-25-306-019 | 23449 Carlisle Ave, Hazel Park, MI 48030-1466 | 3/11/15 | $3,886 | $60,724.25 | Hazel Park |
| Steve Sohl | 28 | 25-36-154-020 | 545 E Harry Ave, Hazle Park 48030-2011 | 3/11/15 | $6,917 | $72,938.15 | Hazel Park |
| Dennis Groh | 28 | 25-36-378-017 | 751 E George Ave, Hazel Park, MI 48030-2513 | 3/11/15 | $6,061 | $163,043.87 | Hazel Park |
| Sharon Smith | 28 | 25-25-476-009 | 23098 Crossley Ave, Hazel Park, MI 48030 | 3/11/15 | $4,976 | $99,264.94 | Hazel Park |
| Carl Nihranz | 28 | 25-35-283-006 | 121 W Meyers Ave, Hazel Park, MI 48030 | 3/31/16 | $4,394 | $272,944.28 | Hazel Park |
| Timothy Sutherland | 28 | 25-36-403-034 | 1140 E Evelyn Ave, Hazel Park, MI 48030 | 3/31/18 | $4,480 | $273,685.47 | Hazel Park |
| William Kaska Personal Representative for the Estate of Patricia Carland | 44 | 25-11-103-012 | 1771 Chaucer Ave, Madison Heights, MI 48071-2048 | 3/31/18 | $12,538 | $265,863.30 | Madison Heights |
| Jeffrey Borin Trustee of the Ralph Borin Trust Dated May 16, 1980 | 52 | 25-32-151-034 | 13200 Capital Ave, Oak Park, MI 48237 | 3/11/15 | $34,345 | $574,873.50 | Oak Park |
| Jeffrey Borin Trustee of the Ralph Borin Trust Dated May 16, 1980 | 52 | 25-32-151-033 | 13240 Capital Ave, Oak Park, MI 48237 | 3/11/15 | $35,505 | $602,926.64 | Oak Park |
| Kofi Johnson | 52 | 25-31-103-018 | 22030 Avon Ave, Oak Park, MI 48237 | 3/11/15 | $6,676 | $220,588.77 | Oak Park |
| Alesia Straughter | 52 | 25-31-278-027 | 21661 Ridgedale Ave  Oak Park, MI 48237 | 3/11/15 | $5,425 | $153,293.21 | Oak Park |
| Greg Tyll | 52 | 25-31-177-002 | 14531 Pearson Ave, Oak Park, 48237 | 3/11/15 | $2,333 | $21,147.75 | Oak Park |
| David Townsend | 52 | 25-31-483-007 | 20730 Ridgedale Ave, Oak Park 48237 | 3/31/16 | $5,916 | $170,005.29 | Oak Park |
| Stephanie Shanahan | 52 | 25-33-103-009 | 8771 Troy Ave, Oak Park, MI 48237 | 3/31/16 | $5,469 | $157,527.84 | Oak Park |
| Rashad Crosby Personal Representative for the Estate of Jacqueline Robinson | 52 | 25-31-230-006 | 21920 Kipling Ave, Oak Park, MI 48237 | 3/31/16 | $9,204 | $266,231.00 | Oak Park |
| Kristina Smith Avant Mays | 52 | 25-19-477-015 | 13672 Victoria Ave, Oak Park, MI 48237 | 3/31/16 | $8,099 | $235,804.60 | Oak Park |
| Larry Jones | 52 | 25-29-102-057 | 13340 Dartmouth Ave, Oak Park, MI 48237 | 3/31/16 | $5,974 | $251,017.80 | Oak Park |
| Crystal McCann (Williams) | 52 | 25-29-453-009 | 23120 Rensselaer Blvd, Oak Park 48237 | 3/31/18 | $5,324 | $226,422.04 | Oak Park |
| Gerald Reeves | 52 | 25-32-131-026 | 21921 Sloman Ave, Oak Park, MI 48237 | 3/31/18 | $3,220 | $116,023.03 | Oak Park |
| Bryan Daniel | 52 | 25-31-277-008 | 13831 Pearson Ave, Oak Park, MI 48237 | 3/31/18 | $7,536 | $233,725.97 | Oak Park |
| Emanuel Bennedict-Smith | 52 | 25-29-478-029 | 23091 Ithaca Ave, Oak Park, MI 48237 | 3/31/18 | $742 | $255,637.78 | Oak Park |
| Stacey Windham Personal Representative for the Estate of Patricia Windham | 52 | 25-31-201-017 | 22181 Kenosha St, Oak Park, MI 48237 | 3/25/19 | $4,975 | $246,875.81 | Oak Park |
| Martin & Maria Gonzalez | 52 | 25-33-106-024 | 8711 Albany Ave,  Oak Park, MI 48237 | 3/25/19 | $2,275 | $19,425.60 | Oak Park |
| Robert Walker | 52 | 25-31-228-012 | 22036 Ridgedale Ave, Oak Park, MI 48237 | 3/25/19 | $2,329 | $23,996.33 | Oak Park |
| Cherie Peterson | 52 | 25-29-377-043 | 23030 Webster Ave, Oak Park, MI 48237 | 3/25/19 | $4,517 | $275,090.18 | Oak Park |
| Samantha Brown Personal Representative for the Estate of Craig Brown | 76 | 24-31-376-028 | Van Buren St, Southfield, MI 48033 | 3/31/16 | $1,645 | $24,514.13 | Southfield |
| Richard Hutchinson | 76 | 24-13-380-042 | 27129 Shagbark Dr, Southfield, MI 48076 | 3/31/16 | $7,174 | $188,721.47 | Southfield |
| Richard Hutchinson | 76 | 24-13-133-022 | 28451 Glasgow St, Southfield, MI 48076 | 3/31/16 | $5,544 | $163,766.57 | Southfield |
| Carolyn Nicholson | 76 | 24-15-180-009 | 20945 Virginia St, Southfield, MI 48076 | 3/31/16 | $13,361 | $53,060.37 | Southfield |
| Adam Ratcliff | 76 | 24-13-126-008 | 17350 Roseland Blvd, Southfield, MI | 3/31/16 | $6,915 | $168,445.61 | Southfield |
| Louis Rodriguez-Scheer Personal Representative for the Estate of Alistar Scheer | 76 | 24-34-403-021 | 20640 Westland Dr, Southfield, MI 48075 | 3/31/17 | $8,175 | $105,523.32 | Southfield |
| Louis Rodriguez-Scheer Personal Representative for the Estate of Alistar Scheer | 76 | 24-34-476-002 | 20431 Westland Dr, Southfield, MI 48075 | 3/31/17 | $10,134 | $123,021.54 | Southfield |
| Louis Rodriguez-Scheer Personal Representative for the Estate of Alistar Scheer | 76 | 24-34-476-008 | 20219 Westland Dr, Southfield, MI 48075 | 3/31/17 | $8,426 | $93,447.08 | Southfield |
| Louis Rodriguez-Scheer Personal Representative for the Estate of Alistar Scheer | 76 | 24-34-428-012 | 20436 Westland Dr, Southfield, MI 48075 | 3/31/17 | $9,744 | $138,137.38 | Southfield |
| Michelle Moloian Personal Representative for the Estate of Aramis Moloian | 76 | 24-27-176-017 | 24273 Lois Ln, Southfield, MI 48075 | 3/31/17 | $7,086 | $284,407.74 | Southfield |
| Trown Williams Personal Representative for the Estate of Darlene Williams | 76 | 24-13-179-018 | 28091 Glasgow St, Southfield, MI 48076 | 3/31/17 | $12,702 | $164,220.41 | Southfield |
| Fritz Sibert Personal Representative for the Estate of Fred Sibert | 76 | 24-31-252-005 | 21870 Maplewood Dr, Southfield, MI 48033 | 3/31/17 | $11,356 | $295,416.01 | Southfield |
| Fritz Sibert Personal Representative for the Estate of Margaret Sibert | 76 | 24-31-252-005 | 21870 Maplewood Dr, Southfield, MI 48033 | 3/31/17 | $11,356 | $295,416.01 | Southfield |
| Jamil A Jamaleddine | 76 | 24-34-452-011 | 20820 Westhampton Ave, Southfield, MI 48075 | 3/31/17 | $6,545 | $115,874.38 | Southfield |
| David Roland | 76 | 24-35-255-002 | 21557 Stahelin Rd, Southfield, MI 48075 | 3/31/17 | $14,833 | $186,113.73 | Southfield |
| Brent Atkins | 76 | 24-34-177-035 | Midway Rd, Southfield, MI 48075 | 3/31/17 | $8,267 | $92,830.95 | Southfield |
| Deidric & Natasha Tupper | 76 | 24-26-251-004 | 24507 Lafayette Cir, Southfield, MI 48075 | 3/31/17 | $24,978 | $310,592.61 | Southfield |
| Keyon Dickerson | 76 | 24-35-351-009 | 20966 Evergreen Rd, Southfield, MI 48075 | 3/31/17 | $26,419 | $148,222.25 | Southfield |
| Eileen Ajiri Power of Attorney for Samuel Ajiri Dated August 23, 2019 | 76 | 24-30-351-023 | Staunton St, Southfield, MI 48033 | 3/31/18 | $3,707 | $78,882.52 | Southfield |
| Nichelle Kirksey | 76 | 24-29-378-011 | 23330 Edinburgh St, Southfield, MI 48033 | 3/31/18 | $10,886 | $226,905.56 | Southfield |
| Alvin Sabri | 76 | 24-34-454-017 | Westhaven Ave, Southfield, MI 48075 | 3/31/18 | $790 | $14,711.59 | Southfield |
| Charmaine Stewart | 76 | 24-34-176-012 | 21315 Frazer Ave, Southfield, MI 48075 | 3/31/18 | $8,232 | $131,457.71 | Southfield |
| Dorothy Rusaw | 76 | 24-35-480-004 | 18425 Westhampton Blvd, Southfield, MI 48075 | 3/31/18 | $8,321 | $255,637.78 | Southfield |
| Crystal Smith | 76 | 24-29-352-022 | 25430 W 9 Mile Rd, Southfield, MI 48033 | 3/31/18 | $4,453 | $29,215.75 | Southfield |
| Crystal Smith | 76 | 24-29-352-030 | W 9 Mile Rd, Southfield, MI 48033 | 3/31/18 | $2,379 | $29,215.75 | Southfield |
| Kelly Burt | 52 | 25-31-428-006 | 21401 Kipling Ave  Oak Park, MI 48237 | 3/31/16 | $13,081 | $135,000.00 | Oak Park |
| Todd Parsons | 28 | 25-36-305-058 | 417 E Maxlow Ave, Hazel Park, MI 48030 | 3/31/17 | $14,402 | $150,000.00 | Hazel Park |
| Cora McBride | 76 | 24-34-451-017 | 20908 Westover Ave., Southfield, MI 48075 | 3/31/17 | $2,439 | $80,000.00 | Southfield |